UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN STOVALL, | No. 2:20-cv-1717 KJN P |
| Petitioner, | |
| v. | ORDER |
| PATRICK COVELLO, Acting Warden,[1] | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On August 27, 2020, petitioner filed a document styled, "Petition for Preliminary Injunctive Relief, Temporary Restraining Order, Appointment of Counsel, Accelerated Release." (ECF No. 1.) Petitioner states that he is a 67 year-old African American who is most vulnerable to the Coronavirus and the inhalation of toxic smoke from the California wildfires. He claims that he has served 26 years of a 25 year-to-life sentence under California's Three Strikes Law, and his current conviction was for a nonviolent, nonserious drug offense. Petitioner seeks accelerated release from prison on medical grounds under whatever form of supervision the court requires. The undersigned construes petitioner's filing as a motion for compassionate release.

---

[1] The current Acting Warden of Mule Creek State Prison is Patrick Covello, who is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

In order to commence a federal habeas action, petitioner must file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section 2254 cases, and petitioner must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). A petition for habeas corpus involves an attack on petitioner's conviction for which he is being held in custody, and petitioner must seek release from his conviction because of a violation of the Constitution of the United States, or in the rare case, a federal law, which applies to the state proceedings. While the court may address ancillary matters to the petition, it is necessary that petitioner provide the basis for habeas jurisdiction in his petition.

The court will not issue any orders granting or denying relief until an action has been properly commenced. For the purpose of preparing the petition, the court advises petitioner that a federal statute relating to release of federal prisoners, i.e., persons convicted in federal court as opposed to state court, does not state a claim relating to a state court conviction.

Therefore, petitioner's motion is denied without prejudice. Petitioner is provided the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's August 27, 2020 motion (ECF No. 1) is denied without prejudice;

2. Within thirty days,[2] petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be

---

[2] By setting this deadline, the court makes no finding or representation that the petition is not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015). Petitioner is advised that a one-year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one-year statute of limitations applied to each claim in a habeas petition on an individual basis).

1 | dismissed; and

2 |     3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated: August 31, 2020

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stov1717.101a.cvd

3