UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN J STOVALL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN COVELLO, et al.,<br><br>Respondent. | No. 2:20-cv-1717 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On September 23, 2020, petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

As discussed below, because the petition fails to state a cognizable federal habeas claim for relief, the undersigned finds that the petition should be summarily dismissed.

I. Governing Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id.; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (Rule 4 permits meritorious motions to dismiss). In addition, the

Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. 2:07-cv-1360 LKK EFB, 2008 WL 3244143, at *1 (E.D. Cal. Aug.7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1) (effective April 24, 1996).

II. Background

Petitioner was convicted in 1995 for drug possession, and sentenced to 25 years to life in state prison. (ECF No. 1 at 1.) On February 26, 1997, the California Supreme Court denied his petition for review. People v. Stovall, No. S058593.[1]

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute

In 2010, petitioner claims he was denied a hearing under the Proposition 36 reform of California's Three Strikes Act.[2]

### III. The Instant Petition

Petitioner raises four claims: (1) failure to protect, cruel and unusual punishment, reckless endangerment due to his age (67), respiratory complications, having served 26 years of his 25 to life sentence, completed all CDCR drug programs, and is vulnerable to Covid-19; (2) a violation of double jeopardy and equal protection because if petitioner were sentenced today he would be sentenced to drug treatment and not be eligible for a 25 to life sentence or a third strike; (3) ineffective assistance of appellate counsel because counsel failed to establish facts providing petitioner relief under Proposition 36; and (4) a violation of equal protection because the CDCR is releasing convicted murders under Covid-19 accelerated release, yet petitioner is a nonviolent, non-serious three strike offender, who has hearing and mobility complications as well as respiratory issue and who does not pose a danger to anyone.

### IV. Federal Habeas Corpus vs. Civil Rights

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under

---

because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[2] Under the Three Strikes law, as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years. Cal. Penal Code, former §§ 667, subds. (b)-(i), 1170.12, subd. (c)(2). In 2012, the California electorate passed Proposition 36, which became known as the Three Strikes Reform Act of 2012 ("Reform Act"), which amended the law to reduce the punishment prescribed for certain third strike defendants. Voters also authorized persons "presently serving" an indeterminate term of life imprisonment imposed under the prior version of the law to seek resentencing under the amended penalty scheme by filing a petition for recall of sentence. Cal. Penal Code § 1170.126, subd. (a)). Under the Act, a court must grant a recall petition unless it determines that resentencing the petitioner "would pose an unreasonable risk of danger to public safety." Id. § 1170.126, subd. (f).

42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).  Prisoners cannot obtain release from prison by filing a § 1983 action.  On the other hand, prisoners cannot obtain injunctive relief or damages based on conditions of confinement claims by filing a habeas petition.

V. Discussion

A federal petition for habeas corpus under 28 U.S.C. § 2254 involves an attack on a prisoner's conviction for which he is being held in custody, and petitioner must seek release from his conviction because of a violation of the Constitution of the United States, or in the rare case, a federal law, which applies to the state proceedings.  While the court may address ancillary matters to the petition, it is necessary that petitioner provide the basis for habeas jurisdiction in his petition.

Here, it is clear that any claim challenging petitioner's 1995 conviction, sustained 25 years ago, or putative claim challenging the 2010 denial of due process during a state court proceeding sustained almost ten years ago, is barred by the governing statute of limitations.  28 U.S.C. § 2244(d)(1) (A), (D).  Thus, it is apparent from the face of the petition that petitioner's second and third claims are barred by the statute of limitations.

To the extent petitioner is seeking compassionate release, petitioner is advised that a federal statute relating to release of federal prisoners, i.e., persons convicted in federal court as opposed to state court, does not state a federal habeas claim relating to a state court conviction.  As another magistrate judge in this district explained:

> A plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon.  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release."  Fox v. Warden Ross Correctional Inst., 2012 WL 3878143, *2 (S.D. Ohio Sept. 6, 2012).  California's law authorizing a court to recall a sentence is not mandatory, but only permissive, and contains no language permitting, let alone mandating, a compassionate release.  Gonzales v. Marshall, 2008 WL 5115882, *5 (C.D. Cal. Dec. 4, 2008), citing Cal. Penal Code § 1170(d).

Tucker v. Department of Corrections, 2013 WL 1091282, *1 (E.D. Cal. Mar. 15, 2013), adopted Apr. 25, 2013 (Mendez, D.J.).  Claims that prison officials declined to follow this law are not cognizable in federal court.  See Ransom v. Adams, 313 F. App'x 948, 949 (9th Cir. 2009) (affirming summary dismissal of petitioner's claim that he was entitled to compassionate release under Section 3076(d), because the assertion that state officials failed to follow state law "is not cognizable" in federal court); see also Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law").

VI.  Civil Rights Claim

Petitioner's first and fourth claims are more appropriately raised in a civil rights complaint under 42 U.S.C. § 1983 because such claims implicate petitioner's current conditions of confinement rather than challenging his underlying criminal conviction.

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint.  See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (*en banc*).  "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may re-characterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint."  Id. at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)).

Here, petitioner has not named the appropriate parties responsible for the decisions challenged in the instant petition.  Petitioner names only the warden as respondent, and there is no indication that the warden is or was involved in the factual allegations underlying the instant petition.[3]

---

[3] The civil rights statute, 42 U.S.C. § 1983, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Second, if petitioner chooses to proceed with a civil rights action, he will be required to pay the court's $350.00 filing fee, even if granted leave to proceed in forma pauperis, although he would be allowed to pay it in installments. See 28 U.S.C. §§ 1914(a), 1915(a). Moreover, if a prisoner files a civil rights complaint that is later dismissed as frivolous or for failure to state a cognizable civil rights claim, the prisoner sustains a strike under 28 U.S.C. § 1915(g). Once a prisoner sustains three strikes under § 1915, the prisoner may be barred from bringing future civil rights actions unless the prisoner meets a narrow exception under § 1915(g).

Finally, under the Prison Litigation Reform Act ("PLRA"), petitioner cannot pursue a claim in this court that he has not exhausted through an inmate appeal procedure that is available at his place of incarceration. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Although exhaustion is not required "when circumstances render administrative remedies 'effectively unavailable,'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citation omitted), the Ninth Circuit requires "a good-faith effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable," Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012). The exhaustion requirement accords prisoners the possibility of obtaining more immediate and effective relief. The requirement provides an opportunity for correctional officials to address complaints internally, thereby deterring frivolous lawsuits and creating an administrative record should the matter later proceed to court. See Porter v. Nussle, 534 U.S. 516, 525 (2002). "The primary purpose of a grievance

---

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

6

. . . is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

For all of the above reasons, it is not appropriate to convert this action to a civil rights action.

VII. Leave to Amend

The undersigned has considered whether to recommend granting petitioner leave to amend. However, because any challenge to petitioner's 1995 conviction or 2010 state court proceeding is time-barred, such amendment would be futile.

Moreover, because it is inappropriate to convert this action to a civil rights action, the undersigned declines to grant petitioner leave to file an amended civil rights complaint in this action.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis is granted. The Clerk shall assign a district judge to this action.

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 11, 2020

stov1717.cvd.dsm

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE